1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICIA McCOLM,                          No.  2:14-cv-0773 LKK CKD P

12              Plaintiff,

13       v.                                     ORDER

14   TRINITY COUNTY, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                                1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

12  Cir. 1989); Franklin, 745 F.2d at 1227.

13    In order to avoid dismissal for failure to state a claim a complaint must contain more than

14  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

15  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

16  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

18  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

21  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

22  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

23  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

24  U.S. 232, 236 (1974).

25    Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See

26  Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set forth (1) the

27  grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

28  showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only

1    "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever

2    v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action

3    are present, but are scattered throughout the complaint and are not organized into a "short and

4    plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v.

5    Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

6           Plaintiff's complaint alleges a variety of misdeeds by numerous defendants, including

7    prosecuting attorneys, law enforcement personnel, judges and court employees, and local

8    government officials.  Her claims cover a wide range of alleged violations of constitutional and/or

9    statutory law.  Many of these claims appear to be unrelated to one another, and it is unduly

10   burdensome to determine which, if any, state a cognizable claim pursuant to §1983.  This

11   complaint illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail,

12   yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a

13   complaint." McHenry, 84 F.3d at 1179-80.

14          A major flaw of the complaint is that it attempts to bring numerous unrelated claims in a

15   single action.  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original

16   claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as

17   alternate claims, as many claims, legal, equitable, or maritime as the party has against an

18   opposing party."  "Thus multiple claims against a single party are fine, but Claim A against

19   Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith,

20   507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in

21   different suits[.]" Id.

22          Moreover, prosecutors are absolutely immune from civil suits for damages under § 1983

23   which challenge activities related to the initiation and presentation of criminal prosecutions.

24   Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are

25   immunized requires a functional analysis.  The classification of the challenged acts, not the

26   motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope,

27   793 F.2d 1072 (9th Cir. 1986) (en banc).  The prosecutor's quasi-judicial functions, rather than

28   administrative or investigative functions, are absolutely immune.  Thus, even charges of

3

1  malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment

2  of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v.

3  Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

4        Similarly, the Supreme Court has held that judges acting within the course and scope of

5  their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v.

6  Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear

7  absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v.

8  Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of

9  Stump v. Sparkman determines its scope:

10
         The relevant cases demonstrates that the factors determining
         whether an act by a judge is a 'judicial' one relate to the nature of
11       the act itself, i.e., whether it is a function normally performed by a
         judge and to the expectation of the parties, i.e., whether they dealt
12       with the judge in his judicial capacity.

13  Id. at 361.  Under these standards, it would appear that the prosecutors and judges named as

14  defendants in plaintiff's complaint are immune from liability.

15        In addition to these flaws, the court finds the allegations in plaintiff's complaint so vague

16  and conclusory that it fails to state a claim upon which relief can be granted.  Although the

17  Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair

18  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

19  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

20  particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's

21  complaint must be dismissed.  The court will, however, grant plaintiff one opportunity to file an

22  amended complaint.

23        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

25  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

26  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

27  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

28  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

4

1   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

3   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6   complaint be complete in itself without reference to any prior pleading.  This is because, as a

7   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11        In accordance with the above, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

14  shall be collected and paid in accordance with this court's order to the Director of the California

15  Department of Corrections and Rehabilitation filed concurrently herewith.

16        3.  Plaintiff's complaint is dismissed.

17        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

18  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

19  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

20  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

21  two copies of the amended complaint; failure to file an amended complaint in accordance with

22  this order will result in a recommendation that this action be dismissed.

23  Dated:  May 29, 2014

24                                           CAROLYN K. DELANEY

25                                           UNITED STATES MAGISTRATE JUDGE

26

27

28  2 / mcco0773.14.new